POLSTON, J.,
dissenting.
I would discharge this case because the decision of the Fourth District in ERP Operating Ltd. Partnership v. Sanders, 96 So.3d 929 (Fla. 4th DCA 2012), does not expressly and directly conflict with this Court’s decision in Cox v. St. Joseph’s Hospital, 71 So.3d 795 (Fla.2011), or the Third District’s decision in Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla. 3d DCA 1980).
ERP is entirely consistent with Cox as both cases applied the same rule of law and only reached different conclusions due to the differing circumstances of the two cases. Specifically, in Cox, 71 So.3d at 801-02, this Court disapproved of the district court rejecting an expert’s explanation of why the negligent act probably caused the injury. This Court in Cox explained that “a directed verdict is appropriate in cases where the plaintiff has failed to provide evidence that the negligent act more likely than not caused the injury,” although it is inappropriate “in cases where there is conflicting evidence as to the causation or the likelihood of causation.” Id. at 801. However, as opposed to Cox, where this Court held that a directed verdict was improper, Sanders did not present conflicting expert testimony that the apartment complex’s negligence caused the injuries in this case. Instead, Sanders’ expert testified only that the crime appeared to be opportunistic in nature and that there was no way to know *283 how the murders occurred. ERP, 96 So.3d at 931-32.
The majority opinion also states that ERP conflicts with Holley, a case the petitioner did not discuss during jurisdictional briefing and a case the majority admits this Court did not base its jurisdiction upon when granting review. See majority op. at 274-75 n. 1. However, even if it were appropriate to base our conflict jurisdiction on such a case, Holley is factually distinguishable. As the Fourth District explained, in Holley (unlike in ERP), “the complex had been plagued with violent crime, and evidence established that an intruder entered the apartment through a second story window facing a common walkway.” ERP, 96 So.3d at 933 n. 2.
Accordingly, because this Court does not have conflict jurisdiction in this case, I respectfully dissent.
CANADY, J., concurs.